JOHN J. FINNEGAN, Respondent, *v.* NEW YORK DOCK COMPANY, Appellant.

First Department, May 10, 1960.

*Philip J. O'Brien* of counsel (*John G. Coleman* with him on the brief; *George J. Conway,* attorney), for appellant.

*Benjamin Rubenstein* of counsel (*Jerome S. Rubenstein* and *John S. Williamson, Jr.,* with him on the brief; *Rubenstein & Rubenstein,* attorneys), for respondent.

*Per Curiam.* On this appeal here by our leave, defendant seeks a reversal of a judgment in the sum of $5,203.87 after trial and verdict in the City Court, Bronx County, and affirmance by the Appellate Term.

Plaintiff was employed by a tenant of the defendant, the owner of a 12-story building at 360 Furman Avenue, Brooklyn, improved with a small railway for the use of the tenants. The railway cars ran into an interior loading platform some 300 feet in length and from 10 to 12 feet in width. In order to enable the tenants to move freight from their respective floors to the

railroad, defendant furnished approximately 100 skid trucks. These trucks had four wheels and a railing at the end by means of which the trucks could be hand-propelled.

Trucks not in use were placed against the platform wall, usually in sets of two, one on top of the other. Defendant had a fork lift truck (a hi-lo) available at the platform for the purpose of stacking the trucks and moving them.

On May 23, 1955 plaintiff's employer directed him and two helpers to proceed to the railroad platform to repair a leaking pipe. The pipe was above arm's reach and plaintiff obtained defendant's permission to use a movable scaffold located on the platform but some distance from the pipe to be repaired. In attempting to move the scaffold to the desired location, it was necessary that several stacks of skid trucks be moved. Plaintiff and his two helpers moved two pairs of trucks without incident. The helpers then started to move a third set whereupon the top skid fell off striking the plaintiff and causing the injuries complained of.

Defendant argues that no liability on its part was proven in that the proximate cause of the occurrence was the moving of the skid trucks by the plaintiff's helpers. Plaintiff claims that it was reasonably foreseeable that the trucks would be moved in their stacked position by employees of the tenant and hence the manner of storing the trucks was negligent.

We hold that the verdict is against the weight of the credible evidence, and, since a new trial is directed, we find it appropriate to address ourselves to the charge which we consider inadequate. On the issue of liability, we hold the court's charge to be too narrow since it did not cover the issues posed. Under the charge as delivered, the jury could have found that the mere stacking of the trucks, under the conditions prevailing at the loading platform, constituted negligence. It failed to address itself to whether it was reasonably foreseeable that the stacked trucks would be hand-moved although the lift truck was available therefor. It also failed to cover the question of whether or not the sole proximate cause of the injury was the action of plaintiff's helpers in pushing the top truck off the bottom one, or the effect of the absence or presence of wheel-chocks. Thus, it does not appear that all the relevant factors were submitted to the jury and it is doubtful that they were considered by the jury in arriving at their verdict. Further, we consider the verdict to be excessive.

The judgment should be reversed, on the law, on the facts and as against the weight of the credible evidence, and a new trial ordered, with costs to abide the event.

440

RABIN, J. P., VALENTE, McNALLY, STEVENS and BERGAN, JJ., concur.

Determination of the Appellate Term so appealed from and the judgment of the City Court unanimously reversed upon the law, and upon the facts, and a new trial ordered, with costs to abide the event.